```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                           Docket #23cr0004
 UNITED STATES OF AMERICA,          :

                    Plaintiff,      :

  - against -                       :

 MARTIN HANDLER, et al.,            : January 11, 2023
                                      New York, New York
                    Defendants.     :

------------------------------------:


                    PROCEEDINGS BEFORE
              THE HONORABLE ROBERT W. LEHRBURGER,
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          UNITED STATES ATTORNEY'S OFFICE
                        BY:  DANIEL WOLF, ESQ.
                             MARY ELIZABETH BRACEWELL, ESQ.
                        One Saint Andrew's Plaza
                        New York, New York 10007

For Defendant -         NECHELES LAW LLP
Martin Handler:         BY:  GEDALIA STERN, ESQ.
                        1120 Sixth Avenue, 4th Floor
                        New York, New York 10036

For Defendant -         STEVEN YUROWITZ, ESQ.
Menachem Lieberman:

For Defendant -         SHER TREMONTE
Isidore Handler:        BY:  JUSTINE HARRIS, ESQ.
                        90 Broad Street, 23rd Floor
                        New York, New York 10004

Transcription Service: Carole Ludwig, Transcription Services
                         155 East Fourth Street, #3C
                         New York, New York 10009
                         Phone:  (212) 420-0771
                         Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

APPEARANCES (CONTINUED):

For Defendant -            MEISTER SEELIG & FEIN, PLLC
Ben Werczberger:           BY:  JASON SER, ESQ.
                           125 Park Avenue, 7th Floor
                           New York, New York 10017

<u>**INDEX**</u>

<u>**E X A M I N A T I O N S**</u>

| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Re-Direct**</u> | <u>**Re-Cross**</u> | <u>**Court**</u> |
|---|---|---|---|---|---|
| None | | | | | |

<u>**E X H I B I T S**</u>

| <u>**Exhibit Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Voir Dire**</u> |
|---|---|---|---|---|

<u>**Court**</u>

None

1

THE CLERK:  We're here in the matter for initial presentment, 23cr4, US versus Martin Handler, US versus Menachem Lieberman, US versus Isidore Handler, and US versus Ben Werczberger. Attorneys, please state your name for the record starting with the government.

MR. DANIEL WOLF:  Yes, good afternoon, Your Honor, Daniel Wolf on behalf of the government. I'm joined by AUSA Molly Bracewell.

MS. MARY BRACEWELL:  Good afternoon.

MR. GEDALIA STERN:  Good afternoon, Your Honor, Gedalia Stern, G-E-D-A-L-I-A, on behalf of Martin Handler.

MR. STEVEN YUROWITZ:  Good afternoon, Your Honor, Steven Yurowitz on behalf of Menachem Lieberman.

MS. JUSTINE HARRIS:  Good afternoon, Your Honor, Justine Harris, Sher Tremonte, for Isidore Handler.

MR. JASON SER:  Good afternoon, Your Honor, Jason Ser, last name is spelled S-E-R, Meister Seelig & Fein, on behalf of Mr. Werczberger.

HONORABLE ROBERT W. LEHRBURGER (THE COURT): All right, welcome, all, please be seated.

DEFENSE ATTORNEY: There are no chairs, Your Honor.

THE COURT: I am sorry. All right, the first thing I need to do is ask the government the date and time of arrest, please.

MR. WOLF: Yes, all four defendants were arrested today, January 11, 2023. Mr. Handler was -- Mr. Martin Handler was arrested at approximately 5:32 a.m., Mr. Isidore Handler was arrested at approximately 5:58 a.m., Mr. Lieberman was arrested at approximately 5:34 a.m., and Mr. Werczberger was arrested at approximately 6:05 a.m.

THE COURT: There are four defendants (inaudible) four sets of papers so just bear with me.

(PAUSE IN PROCEEDING)

THE COURT: All right, sorry about that. So the reason we are here is because each of you has been charged with certain criminal conduct pursuant to an indictment. I am going to explain to you certain rights that you have, make sure that you have counsel, which it appears you do, determine if there are conditions upon which you should be released pending further proceedings, and also make sure you've been advised of the charges against you.

Let me begin with some of your rights. You have the right to remain silent. You need not make any

statements to authorities. Even if you have already made

statements to authorities, you need not make further

statements to them. If you do make such statements they can

be used against you. I'm just going to ask counsel right

here to just move over a little this way so that I can all

defendants.

DEFENSE ATTORNEY: I apologize.

THE COURT: That's all right, you're just blocking

--

DEFENSE ATTORNEY: I'll just stand over here.

THE COURT: Either way, that's fine, thank you.

All right, you have the right to be released

pending further proceedings either on conditions or without

conditions, unless I determine there are no set of

conditions that can reasonably assure the safety of the

community or your presence at future proceedings.

If you are not a US citizen you have the right to

request that a government attorney or law enforcement

official notify a consular officer from your country of

origin that you've been arrested. In some cases a treaty or

other agreement requires that this be done anyway.

You have the right to be represented by an

attorney at all proceedings including this one. You have

the right to hire your own attorney but if you cannot afford

one at any time the Court will appoint one for you.

Do you understand your rights as I've explained them so far? And was it Mr. Martin Handler up front here?

MR. MARTIN HANDLER: Yes.

THE COURT: All right, and then Mr. Lieberman?

MR. MENACHEM LIEBERMAN: Yes.

THE COURT: And then Mr. Isidore Handler?

MR. ISIDORE HANDLER: Yes.

THE COURT: And Mr. Ben Werczberger?

MR. BEN WERCZBERGER: Yes.

THE COURT: All right, good, so you all understand. I also see that you have counsel standing next to you and I just want to confirm whether they are retained counsel. Counsel for Mr. Martin Handler?

MR. STERN: I'm retained, Your Honor.

THE COURT: And for Mr. Menachem Lieberman?

MR. YUROWITZ: Yes, Your Honor.

THE COURT: And for Mr. Isidore Handler?

MS. HARRIS: Yes, Your Honor.

THE COURT: And for Mr. Ben Werczberger?

MR. SER: Yes, Your Honor.

THE COURT: All right, so each defendant has an attorney. Now as I said, this has been -- as I said, you've been charged with certain offenses

pursuant to an indictment and that indictment charges

generally that you have committed schemes to commit

government funded daycares in New York City and to

steal millions of dollars intended for low income

families and that particularly Mr. Martin Handler and

Menachem Lieberman at various times secretly owned and

embezzled funds from a nonprofit daycare provider and

together with Mr. Harold Schwartz, Isidore Handler and

Mr. Werczberger, stole from and defrauded the City of

New York's Administration for Children's Services and

the US Department of Health and Human Services.  There

are seven counts I believe in the indictment, not all

of them are against all of the same defendants.

          I'm going to ask counsel now have you received a

copy of the indictment, have you reviewed it with your

client, and does he waive a public reading, for Mr. Martin

Handler?

          MR. STERN:  We've received the indictment, I've

reviewed it with my client and he does waive a public

reading.

          THE COURT:  And for Mr. Lieberman?

          MR. YUROWITZ:  Yes, Your Honor, the same.

          THE COURT:  For Mr. Isidore Handler?

          MS. HARRIS:  Yes, we waive a public reading,

we've reviewed it with our client.

THE COURT: All right, and for Mr. Werczberger?

MR. SER: Yes, Your Honor, I've reviewed the indictment with my client, he understands it and he will waive its public reading.

THE COURT: All right. And let me ask government counsel, has the District Judge set a date for a first appearance?

MR. WOLF: Your Honor, the District Judge has not, this matter has been referred for presentment but not arraignment, and we would respectfully request that the Court set a control date of two weeks out from today which I think would be January 25th.

THE COURT: All right, that will be so ordered, control date set for January 25th.

DEFENSE ATTORNEY: Your Honor, if I could just ask because I've got travel plans on that date, I don't know if that's going to be an appearance date but I, I'm going to be out of town.

THE COURT: It's really a control date and the purpose of which should allow counsel to confer with each other and to confer with Judge Rearden's chambers to select a date that works for everyone. I understand

that's how it will be handled, is that correct, may I
ask the government?

MR. WOLF: Yes, that is correct. We've been in
touch with chambers and chambers has said that they
will be reaching back out with a specific date.

THE COURT: All right, thank you. All right,
so that brings us to the question of detention or
release. It appears that the parties have each agreed,
each of the defendants have agreed with the government on a
set of proposed terms for their release pending further
proceedings, is that correct?

MR. WOLF: That is correct, we have agreed with
each set of defendants on a set of conditions for release
for the Court's consideration.

THE COURT: All right. And we're going to go
through each of those for each defendant, so let's start
with Mr. Martin Handler, I'll ask government counsel to
recite the proposed terms and then I'll ask defense counsel
for confirmation that they agree to those terms.

MR. WOLF: Yes, the terms are as follows, a $1
million bond to be cosigned by two financially responsible
persons and to be secured by real property, specifically Mr.
Martin Handler's personal residence. Travel is to be
restricted to the Southern District of New York, Eastern

District of New York, District of New Jersey and Southern
District of Florida.  Surrender of all travel documents
and no new applications --

THE COURT:  Excuse me, I'm violating my own
rules by having my phone ring, that's what you are
hearing. I'm trying to turn it off but I am dealing
with a medical emergency or sorts and that's I had it
on, just bear with me.  All right, it has completed,
go ahead.

MR. WOLF:  I believe where I stopped was
surrender of travel documents and no new applications.

THE COURT:  Yes.

MR. WOLF:  Pretrial supervision as directed.
The defendant is to continue or seek employment. The
defendant is to have no contact with co-defendants
outside the presence of counsel except that the
defendants may have non-substantive communications about the
case with Isidore Handler and Ben Werczberger outside the
presence of counsel.

Finally, the defendant is to withdraw as a
signatory on all New York City Early Learning Company bank
accounts with the defendant to furnish proof of such
withdrawal to the government by January 20, 2023.  And
thereafter, defense counsel to identify for the government

every 60 days any transfers of New York City Early Learning

Company funds to Martin Handler or companies or entities in

which Martin Handler has an ownership interest.  The

defendant is to be released on his own signature and to have

until January 20, 2023, to meet the conditions relating to

cosigners.

THE COURT:  All right, and are those the terms for

Mr. Martin Handler?

MR. STERN:  Yes, Your Honor.

THE COURT:  All right, those terms seem

appropriate to the Court to reasonably assure the

safety of the community and the presence of the

defendant at future proceedings, so I will impose

those. I am going to ask counsel after the official

part of this proceeding just for some of the details

so that I can get those down properly.

All right, let's go on to Mr. Lieberman, I

believe, and why don't you tell me what provisions you

are proposing for him.

MR. WOLF:  Yes, for Mr. Lieberman, the parties

are proposing for the Court's consideration a bond in

the amount of a million dollars to be secured by

signatures of two financially responsible persons, as

well as real property in the form of Mr. Lieberman's

1

2 personal residence. Travel is to be restricted to the

3 Southern District of New York, Eastern District of New

4 York and District of New Jersey. The defendant is to

5 surrender all travel documents and make no new

6 applications. In addition, on that condition I will

7 add the defendant's wife and his four minor children

8 are to surrender all travel documents and make no new

9 applications by January 13, 2023.

10       The defendant is directed to be -- is subject

11 to Pretrial supervision as directed by Pretrial

12 Services.  In addition, the defendant is to have no

13 contact with co-defendants outside the presence of

14 counsel. The defendant is to continue employment or

15 seek employment. And then, finally, the defendant is

16 to withdraw as a signatory on all Simche Kinder bank

17 accounts with the defendant to furnish proof of such

18 withdrawal to the government by January 20, 2023, and

19 thereafter, defense counsel to identify for the

20 government every 60 days any transfers of Simche

21 Kinder funds to Menachem Lieberman or companies or

22 entities in which Menachem Lieberman has an ownership

23 interest.

24       THE COURT:  All right, defense counsel, are

25 those the terms agreed to?

MR. YUROWITZ:  Yes, Your Honor.

THE COURT:  All right, those terms again seem appropriate to the Court and I determine that they do reasonably assure the safety of the community and the presence of the defendant at future proceedings, so those terms will be imposed.

Okay, and let's move on to Mr. Isidore Handler.

MR. WOLF:  Yes, Your Honor, the defendant is to be issued a $250,000 bond to be cosigned by three financially responsible persons.  Travel is to be restricted to the Southern District of New York, Eastern District of New York and District of New Jersey. The defendant is surrender all travel documents and make no new applications.  Pretrial supervision is to be as directed by Pretrial Services. The defendant is to seek and maintain employment.  The defendant is to have no contact with co-defendants outside the presence of counsel except with respect to Martin Handler with whom he is not to have any substantive communications about the case outside the presence of counsel.

THE COURT:  All right, defense counsel, are those the terms as you understand them and do you

agree?

MS. HARRIS:  They are, Your Honor, and we agree.

THE COURT:  All right, again, those seem appropriate and sufficient to reasonably assure the presence of the defendant at future proceedings and the safety of the community so I am imposing those terms on Mr. Isidore Handler.  And I just want to check one thing, with respect to his release, it will be on his own signature?

MR. WOLF:  Yes, Your Honor, and I may have forgotten to mention that for Mr. Lieberman, as well, that will be on his own signature.

THE COURT:  All right, and with terms to be met by the same as Mr. Martin Handler?

MR. WOLF:  That's correct.  So for Mr. Lieberman and Mr. Martin Handler, with respect to the bank, bank account issues, I believe that proof of withdrawal is to be made by January 20, 2023, in addition, that's the same date for financially responsible persons to be approved as well as for the bond to be secured by property.

THE COURT:  All right, thank you.  And, finally, for Mr. Werczberger what do we have?

1

2          MR. WOLF:  Yes, Your Honor, a $1 million bond

3   to be cosigned by three financially responsible

4   persons and to be secured by real property,

5   specifically his personal residence.  Travel is to be

6   restricted to the Southern District of New York,

7   Eastern District of New York, the Southern District of

8   Florida and District of New Jersey. The defendant is

9   to surrender all travel documents and make no new

10  applications.

11          The defendant is to be subject to Pretrial

12  supervision as directed by Pretrial Services. The

13  defendant is to seek or maintain employment and the

14  defendant is to have no contact with co-defendants

15  outside the presence of counsel, except with respect

16  to Martin Handler with whom he may have non-

17  substantive communications about the case outside the

18  presence of counsel.

19          THE COURT:  All right, and similarly to be

20  released on his own signing of the bond and terms to

21  be met by January 20th?

22          MR. WOLF:  That is correct, Your Honor.

23          THE COURT:  Okay, defense counsel, are those

24  the terms and do you agree?

25          MR. SER:  Yes, Your Honor, we agree.

THE COURT: All right, and once again the terms seem appropriate to the Court and sufficient to reasonably assure the safety of the community and the presence of the defendant at future proceedings, so those will be imposed. And as I said, I am going to want to confirm with counsel just afterwards to make sure that all those have been recorded in my notes correctly.

I do want to remind the defendants that they are being released upon conditions as you heard and there can be very serious consequences if you violate any of those conditions or do not appear for the proceedings that you are required to appear for. What will happen is a warrant will issue for your arrest, you and anyone who has signed the bond, each of your respective bonds, will be liable for paying that amount and you may be found guilty of the additional crime of bail jumping which can have its own sentence and/or a fine.

In addition, if you commit a new criminal offense while you are out on release, then in addition to whatever sentence you may receive for that additional crime, you would also receive an extra term of sentence which would be up to ten years if the additional crime is a felony, or up to one year if it's a misdemeanor, and that additional term

would be served after any other term of imprisonment is
fulfilled.

Finally, I warn you not to have any contact with
or engage in any intimidation of potential or designated
witnesses or jurors, not to engage in any intimidation of
any court officer, and not to engage in any conduct that
would obstruct any investigation by law enforcement.

Mr. Martin Handler, do you understand that?

MR. MARTIN HANDLER: I do.

THE COURT: Mr. Lieberman, do you understand?

MR. LIEBERMAN: Yes, I do.

THE COURT: And Mr. Isidore Handler, do you
understand?

MR. ISIDORE HANDLER: Yes, I do.

THE COURT: And Mr. Werczberger, do you
understand?

MR. WERCZBERGER: Yes, I do.

THE COURT: All right, I trust that you all abide
by the conditions that have been set.

Is there anything else we need to address,
anything else from the government?

MR. WOLF: No, Your Honor, thank you.

THE COURT: Anything else from defense
counsel, Mr. Martin Handler?

MR. STERN:  We do have one application to make
to Your Honor, as I understand at the time of my
client's arrest this morning his cell phone was
seized.  We don't believe and the government can
correct us if we're wrong, if there was a search
warrant that was issued for that phone.  And so we
believe that seizure violates the Fourth Amendment
under *Riley.* As we understand, you under *Riley* you
can't, the phone is not included in a search instant
to arrest, and at least as to my client I understand
that what happened was that when he was arrested they
asked him what he had on his person, he had a few
items, and the government returned everything except
his phone. So his keys, his credit cards, they were
returned because they had use for it. I think it's
sort of a blatant violation of what the Court held in
*Riley*, you can't argue that it's a search instant to
arrest and they're just vouchering what's on his
person if they're returning the things they don't want
and are just keeping the phone. So I imagine and,
again, the government can correct me if I'm wrong,
they're planning on obtaining in the near future a
search warrant, but in the meantime we believe their
continued retention of his phone violates the Fourth

Amendment and pursuant to Federal Rule 41(g) we'd ask

for -- we'd ask Your Honor to order its return.

THE COURT: All right, what's the government's

position?

MR. WOLF: Yes, Your Honor, the law

enforcement agents our position is had probable cause

to seize the phone when they did and we are, plan to

shortly obtain a search warrant to search its

contents. To date we have not actually searched the

contents of it, and any application I think would more

appropriately be made in front of the District Judge.

THE COURT: All right, but no warrant has

issued at this time, you said you believed there was

probable cause and --

MR. WOLF: Yes, and I think under the law of

the Second Circuit I think that there is a brief

period of time that the government may seize the phone

or safe keeping and then to obtain a search warrant

authorizing access of the phone's contents. At this

moment the government has not accessed the phone's

contents.

THE COURT: All right, counsel?

MR. STERN: Your Honor, the government is

saying they don't have judicial authority at this

point, they haven't -- you know, they say they have
probable cause, I'm not sure what their probable cause
is, it's hard for me to respond without them sort of
providing some details of what the probable cause is.
But if they have it, this arrest as I understand it
was planned, there is no particular reason they
couldn't have applied for a search warrant. In fact,
they did apply for a search warrant, as I understand
it, on a couple of premises which were searched today.
And so the government sort of chose not to seek a
search warrant on the phone and just to seize it for
reasons I don't entirely understand so, you know, we
don't believe that's sufficient under the law and,
again, we'd renew our request that Your Honor order
its return.

THE COURT:  All right, well, I'm going to
order that it be returned within 24 hours if a warrant
hasn't issued by that time, okay?

MR. STERN:  Thank you, Your Honor?

MS. HARRIS:  (off microphone) Your Honor, we
have a similar application but the facts are a little
different, my client, I understand, was being called
simultaneously by the agents as they were knocking on
the door because it was very early morning he was

asleep and not responding. He was on the phone with

the agent, they entered (inaudible) took the phone out

of his hand. And then, additionally, (inaudible)

would be returned to him and later (inaudible)

obviously not be returned, but similarly (inaudible)

by co-counsel, we believe that seizure, there's no

grounds for that seizure, it's an unlawful seizure and

we would request under Rule 41(g) for the return of

the phone.

THE COURT: Well, again, to the extent that

there's no warrant yet I'll allow the government 24

hours to issue a warrant for it, but if no warrant

issues then it should be returned.

MR. YUROWITZ: Your Honor, I would just join

that application, a phone was seized from my client,

as well, it's circumstances similar to Mr. Handler. He

was outside of his house, they took the phone, they

didn't take the other documents, so for the same

reasons, I could repeat them but I would join in the

application.

THE COURT: Yes --

MR. WOLF: Your Honor, we would respectfully I

think request that, I think 24 hours is a much shorter

time period I think than the case law requires. There

1

2  are Second Circuit cases where periods of weeks have

3  gone by that the Second Circuit has said it is

4  appropriate. It's a sliding scale, it's a standard,

5  but I think the general standard, and I'm working off

6  of memory here, is that the government needs to work

7  with reasonable dispatch upon obtaining, seeking a

8  cell phone to actually obtain a search warrant to

9  search its contents.  And so I think under these

10 circumstances I think 24 hours is, I don't think there

11 is necessarily support for that here, the phones were

12 obtained this morning. I think certainly a week would

13 provide the government with ample time and I think

14 would also comfortably fit within the standards that

15 have been articulated by the second Circuit.

16        THE COURT:  Yes, and also to the extent and,

17 again, it may not be the case and it may be different

18 for each of you, but to the extent the phone was in

19 plain view and it would be expected that those phones

20 had been used or would have been used in connection

21 with the charges and would, therefore, be likely or

22 probable or certainly reasonable suspicion but

23 probable that they have communications related to the

24 events in question, I would imagine that under those

25 circumstances it would be appropriate for the agents

to have seized them.  Do you have a different view or
--

MR. WOLF:  No, that's exactly right, Your
Honor, and I can represent that based on the
government's investigation that there was ample cause
to believe that these particular phones, to the extent
that they've been seized and we wish to search them,
that those phones have been used to communicate about
the subject offenses in furtherance of those offenses.

THE COURT:  All right, if anybody wants to
respond?  Yes, counsel for Isidore Handler.

MS. HARRIS:  (off microphone) Yes, Justine
Harris, very briefly, Your Honor. If we could ask for
the government maybe just by letter to defense counsel
to share the citations.  Because I'm aware of law that
says the government has a reasonable time to execute a
warrant once its obtained and (inaudible).  I mean
(inaudible) and I'm happy to be corrected that they
have grounds to seize items and hold them for a period
of time. So that's number one, I'd ask that those be
shared.

And then secondly, Your Honor, (inaudible)
application for a search warrant is going to be made
obviously, as indicated by the government, at a later

date.  Given that they already have the devices we ask
that the application be on notice to the defense.  Your
Honor, I've litigated (inaudible) seizure of phones in
plain view and the law tends to say that it has to be
contraband unless there is probable cause, that they
can put that in warrant then they can seize those
phones. So I think these are complex issues and given
the chronology that they have the phones already, that
the situation there, an application for a warrant can
be done on notice and litigated in advance rather than
after the fact. So I think a request (inaudible).

          MR. WOLF:  Your Honor, I think what the
defendants are asking for is a preemptive right to
challenge, to stop the government from engaging in a
search.  I'm not sure that that's the proper
procedure, I think that there was, if memory serves I
think in the news recently there was litigation about
that very issue.  And so I just don't think that there
is any sort of standing here for defense counsel to
ask for such notice. I think the proper remedy here is
in the event that the government does obtain a search
warrant, does collect from these devices evidence or
materials, that they then move to suppress that
evidence.  I just don't think any of the matters that

defense counsel are raising are particularly ripe at

the moment.

      THE COURT: Yes --

      MR. STERN: Your Honor, can I --

      THE COURT: Hold on, one at a time.

      MR. STERN: And, again, I'd join Ms. Harris'

application that we, the government provides the cases

because I think most of those cases, as I recollect,

are dealing with suppression issues. And as Your Honor

knows, there's sort of always two issues in Fourth

Amendment application, was it a violation of the

Fourth Amendment and do we suppress it. And so I

believe it's true that there's a little leeway where

maybe something was improper but it's not, it doesn't

rise to the level or where it gets suppressed. But on

a 41(g) application like we are here, it's just a

straight question of whether the government's

retention, continued retention violates the Fourth

Amendment, there is no sort of second step. And in

essence, what the government is sort of asking Your

Honor to allow is we'll just, you know, we can sort of

ignore the fact that there might be a current Fourth

Amendment violation and just make it a question of

suppression. And so what's why we ask Your Honor to

sort of stick to the original date but that's

certainly discretionary at this point.

THE COURT: Thank you. Okay, Mr. Werczberger.

MR. SER: On behalf of Mr. Werczberger, Your

Honor, I join in everything my colleagues have said on

behalf of the co-defendants and make the motion

pursuant to 41(g) for the return of my client's phone,

Mr. Werczberger's phone, which was seized from a

pocket, not necessarily plain view, but nonetheless

was seized at the time of his arrest in the absence of

a warrant.

I wanted to address just a couple of the

points, this has been characterized as preemptive but

it's not, there's a seizure that's occurred, we're

simply requesting the requisite probable cause showing

to justify the continued retention of property. So say

ipse dixit that it must have been used because people

use phones and must have used it in the course of the

criminal activity, simply isn't sufficient on its

face. I think the government has to be much more

specific and particular and identify facts that

demonstrate probable cause for each of the phones that

were seized as having been used in the alleged

offense. Otherwise this is a cart before the horse

scenario where the government can come in and seize

anything, hold onto it and simply say it was used

without making the showing, that simply inconsistent

with Rule 41 in terms of a search warrant. So they

have to demonstrate probable cause to believe this is

contraband or something that was used during the

course or in aid of a commission of a crime and they

simply haven't done it on this record here. So I would

ask for a return of that property and, for what it's

worth, to my understanding that the agents informed

Mr. Werczberger that they planned to give it back to

him after his appearance. So that may speak to at

least the mindset of the agents with regard to the

nature of the phone and what it may or may not show.

        THE COURT:  All right, here's what we're going

to do. I think given the colloquy that we've had since

my initial reaction, that there's enough dispute here

and issues that deserve further airing. So I would ask

defense counsel if this is something you want to

pursue, then I ask you to make a written application

and I suspect that District Judge Reardon will want to

resolve that. So if you're going to make an

application I'd ask you to do so as, you know, as soon

as you can, and whatever you see as expeditious if you

are going to do it.

MS. HARRIS: (off microphone) It the doesn't sound like the government (inaudible) within 24 hours anyway, but obviously we would like, our argument is not moot by the application of a warrant. So whether we (inaudible) within 48 hours we understand that there will be no warrant signed.

THE COURT: Well I'm not going to, I'm not going to prevent the government from issuing a warrant. If it becomes time that you say well that warrant wasn't valid because the phones were being withheld during that time, then, you know, that's for you to argue, as he indicated in the suppression motion you're not waiving that right, okay? All right, so we know how we're proceeding then? Okay, and obviously it may be in the government's interest to act sooner rather than later but I'm not going to set an artificial deadline on it, I'll let it play out as it should going forward.

All right, anything else? Anything else from any of the defendants?

MR. STERN: No, Your Honor.

MS. HARRIS: Nothing further, Judge.

MR. SER: Not for Mr. Werczberger, Your Honor,

```
 1
 2   no.
 3            THE COURT:  All right, anything else from the
 4   government?
 5            MR. WOLF:    No, Your Honor, thank you.
 6            THE COURT:  All right, we are adjourned. Thank
 7   you.
 8                    (Whereupon the matter is adjourned.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

31

C E R T I F I C A T E

     I, Carole Ludwig, certify that the foregoing transcript of proceedings in the United States District Court, Southern District of New York, United States of America versus Martin Handler, et al., Docket #23cr0004, was prepared using PC-based transcription software and is a true and accurate record of the proceedings.


Signature_____*Carole Ludwig*_____
                Carole Ludwig
Date:  January 17, 2023