

*Henry E. Mazurek*
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

January 26, 2023

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

    Re:    *United States v. Handler, et al. (Ben Werczberger)*, 23-cr-004 (JHR)

Dear Judge Rearden:

    We represent defendant Ben Werczberger in the above-referenced case. We respectfully write to request a temporary modification of Mr. Werczberger's bail to allow him to travel during the dates of January 31, 2023 to February 8, 2023, to Jerusalem, Israel to attend the wedding of the eldest daughter of his lifelong friend and former neighbor in Brooklyn, whom Mr. Werczberger has known for over 30 years. The government objects to this temporary travel, and Pretrial Services takes no position, deferring to the Court on the decision of bail modification.

    As the Court is aware, Mr. Werczberger is charged in two counts of a seven-count Indictment, No. 23 Cr. 004 (JHR). He is charged only in Counts 5 and 6 of this Indictment, alleging theft of government funds and a conspiracy to commit money laundering of the illegal theft proceeds. *See* Indict., ¶¶ 30-35. In short, these charges allege that Mr. Werczberger together with co-defendant Martin Handler embezzled and laundered funds and property collectively totaling approximately $3 million, which at worst, under the advisory Sentencing Guidelines, estimate to an approximate range of five years imprisonment for a first-time offender (before any reductions for acceptance of responsibility or other downward variances). Thus, this case does not represent a possible life punishment or anything remotely close, even for a 70-year-old alleged offender.

    Mr. Werczberger was arrested on January 11, 2023 on these charges and released on bail the same day. His bail conditions, which were agreed to on consent of the parties, include a $1,000,000 personal recognizance bond secured by real property and co-signed by three financially responsible persons. Mr. Werczberger's travel is permitted within the Eastern and Southern Districts of New York, the District of New Jersey, and the Southern District of Florida. He was

directed to surrender, and did surrender, all passports in his possession.[1]  He also is under regular pretrial supervision. *See* ECF Doc. 11 (Bail Order).  Mr. Werczberger's co-signors include his son and two sons-in-law, representing all three of his children's families.  Mr. Werczberger secured bail with his family home in Brooklyn, New York.

Mr. Werczberger now respectfully requests the Court to allow him to travel next week to attend the wedding of the eldest daughter of his closest and dearest friend in Jerusalem.  This is a temporary request, and upon return from this travel, the originally imposed travel restrictions would continue to apply.

The wedding in Jerusalem is scheduled for February 2, 2023.  The wedding will unite Rachel Hershkowitz and Abraham Gastetner.  Mr. Werczberger grew up as neighbors of the bride's father, Moshe Hershkowitz, in Brooklyn.  The two have remained close for over 30 years.  Mr. Werczberger has been a father figure to Moshe Hershkowitz, who is only in his 40s.  The Hershkowitz family subsequently moved to Israel from Brooklyn, but the two families remain exceptionally close.  Mr. Werczberger has attended all of Moshe Hershkowitz's children's memorable events from birth until now.  Rachel Hershkowitz is the oldest child of Moshe's, and the first to marry.

In addition to the families' cherished relationship, Mr. Werczberger and his wife have been active and generous participants in the Hershkowitz wedding planning and preparation.  Because the Hershkowitz family are of modest means, the Werczberger family has largely funded the wedding costs, and Moshe Hershkowitz personally asked Mr. Werczberger to be an active part of the ceremony and celebration to follow.  For all these reasons, Mr. Werczberger very much wants to be present with the Hershkowitz family on this most momentous occasion for them and Rachel.  Mr. Werczberger and his wife committed to attend the wedding prior to the arrest, in November 2022, when they purchased airline tickets to depart on January 31, 2023, and return on February 8, 2023.[2]

This temporary modification of Mr. Werczberger's pretrial release order is governed by the factors found in the Bail Reform Act, at 18 U.S.C. § 3142(g).  These are the same factors that governed the original release decision at the time of presentment.  In evaluating this motion, the Court must consider the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the defendant's personal history, characteristics and criminal history.  *Id.*  Because this case does not involve a crime of violence or obstruction of justice, there

---

[1] Mr. Werczberger produced to Pretrial Services his United States, Canadian, and Israeli passports on the same day of his arrest.  If approved for this travel, he agrees to return his travel passport to Pretrial Services no later than the day after his return to the United States on February 9, 2023.

[2] We will provide to Pretrial Services and the government all of the details of the air travel itinerary and location of the wedding and hotel, where the Werczbergers will stay during their week in Israel.

Hon. Jennifer H. Rearden
January 26, 2023
Page 3 of 6

is no credible concern of danger to the community in Mr. Werczberger's continued release. The only issue here is whether this temporary condition would create an undue flight risk. The Court need only impose conditions that "will reasonably assure the appearance [in court] of the person as required." *Id.* There is no requirement in the Bail Reform Act that directs the Court to impose only those conditions that guarantee all future appearances, rather only those that "reasonably assure" the defendant's adherence to bail. Indeed, the Bail Reform Act requires the Court to impose "the ***least restrictive*** further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(c)(1)(B) (emphasis added). In this case, we propose supplemental conditions to govern the time period of Mr. Werczberger's foreign travel, which are the "least restrictive" further conditions necessary to "reasonably assure" the Court of his future return to court.

The following temporary conditions during Mr. Werczberger's trip to Israel will more than "reasonably assure" the Court of his future appearances. We propose: (1) Mr. Werczberger agrees to confess judgment to an additional property owned by him and his wife in Brooklyn, valued at approximately $2,000,000. This property has been owned by the Werczbergers since the 1980s and previously was used as the family's primary residence before they moved into their current home seven years ago; (2) Mr. Werczberger's children agree to surrender their passports to the Court during the time of their parents' one-week stay in Israel (which will assure the Court that they will not be able to leave the country and join their parents in Israel)[3]; and (3) Mr. Werczberger agrees to voluntarily sign a counselled affidavit of extradition from Israel, in which he agrees not to contest extradition if he remains in Israel beyond the time authorized by this Court. In combination with the current conditions of bail, these supplemental conditions are sufficient to "reasonably assure" the Court that Mr. Werczberger will return to the United States as directed after the wedding.

As to the Section 3142(g) factors, the nature of the offenses charged against Mr. Werczberger does not create a risk of such a lengthy prison sentence to encourage him to flee and risk the remainder of his life as an international fugitive. He also maintains his presumption of innocence. 18 U.S.C. § 3142(j). The evidence against Mr. Werczberger is in the form of wire transfers that were owed to him by Mr. Handler under a debt known to the government, and conceded to in the Indictment. Indict., ¶ 3(d). The government's evidence, while not yet received by the defense, is expected to be weak or non-existent to prove that Mr. Werczberger had any specific knowledge that the funds paid back by Mr. Handler under his personal debt obligation were obtained through theft of government funds. Thus, under this factor, Mr. Werczberger is not a considerable flight risk. He is more than prepared to contest these charges.

As to his personal history and characteristics, Mr. Werczberger is a 70-year-old law-abiding citizen. He has no prior convictions. The very fact that he lived 65-plus years abiding the

---

[3]  Jacob Werczberger, Ben's son, does not currently have a valid United States passport. It expired and he has applied for a renewal. He will agree to file with the Court an affidavit that says he will not further apply for or receive a renewal of his surrendered expired passport until his father returns under pretrial supervision in New York.

law, before the accusations here, must be a factor in favor of finding Mr. Werczberger to be a good candidate to follow the Court's orders.

Mr. Werczberger was born in Canada, but his family immigrated to the United States when he was only a young child. His family moved to Brooklyn before he was 10 years old, and he never moved his primary residence from Brooklyn since. He married his wife, Miriam, 51 years ago, and they raised their three children in Brooklyn. As Mr. Werczberger aged, he and Miriam purchased a winter house in Deerfield, Florida, but always maintained their family home in the Boro Park neighborhood of Brooklyn. Mr. Werczberger has three adult children. The three children are Esther, Jacob, and Pessi. All three children continue to live near him in Brooklyn. Jacob and Pessi's families live in Brooklyn, and Esther lives with her husband and children in New Jersey. Mr. Werczberger already has 15 grandchildren and 16 great-grandchildren, all of whom live in the New York area. Mr. Werczberger has no known family living in Israel. His entire, very large nuclear family lives close by to him in Brooklyn.

Finally, Mr. Werczberger also founded a synagogue in his father's name, Kahai Anshei Deerfield Yechezkel, in Ben and Miriam's retirement community in Deerfield, Florida. The synagogue has become an important part of Mr. Werczberger's daily life. He is involved in every aspect of the synagogue's operations, finances and administration, as well as its vibrant prayer life. Mr. Werczberger would not abandon this religious aspect of his life to become a fugitive.

With this background, Mr. Werczberger does not present a flight risk – not even a minimal one. He spent more than 60 years in basically the same neighborhood in Brooklyn. He hardly moved out of his original zip code. He has all the people in the world who matter to him here in the United States. His children have large young families, and their children who are adults, already have provided 16 great-grandchildren to Mr. Werczberger. Being apart from them is inconceivable to him. Indeed, one of his grandchildren, Rochelle Mayerson, the daughter of Pessi, is getting married on February 16, 2023 in Brooklyn. Mr. Werczberger has never missed a religious event or wedding of any of his children, grandchildren, or great-grandchildren, and would face – with all due respect to the Court – more retribution from his own family if he missed Rochelle's wedding than any punishment from the forfeiture of bail could cause. Mr. Werczberger and his wife have been planning for their granddaughter's Brooklyn wedding for months. That is to say, Mr. Werczberger's world revolves around his family, and he would never do something to hurt them, including missing memorable life events or putting them in a vulnerable financial or legal position by violating a bail order, which his children's families co-signed. This moral suasion is most compelling for Mr. Werczberger. *See, e.g., United States v. Campos*, No. 19-CR-575-2 (FB), 2019 WL 7049953, at *2 (E.D.N.Y. Dec. 23, 2019) (moral suasion of family members and lifelong friends proposed as sureties proposed as sureties warranted bail for alleged high ranking mafia member: "eight suretors and four homes belonging to family members and friends . . . . provides adequate 'moral suasion' to ensure his compliance."); *United States v. Williams*, No. 17-SR-78 (FPG), 2018 WL 3633296, at *4 (W.D.N.Y. July 31, 2018) (granting bail, at least in part, because of the moral suasion exerted by her co-signers: "Defendant has a close relationship with her aunt and uncle, who are so confident in her ability to comply with release conditions that they

both signed $20,000 surety bonds."); *United States v. Sierra*, No. 99-CR-962, 1999 WL 1206703 (S.D.N.Y. Dec. 16, 1999) (in a presumption case, granting bail based, in large part, on the moral suasion exerted by friends and family acting as bail sureties).

As to employment, Mr. Werczberger was the founder and chief executive officer in a consumer products business in New Jersey, Tiger Companies, for more than 20 years. He continues to stay connected to its management and operations, but passed on the day-to-day aspects of the business to his son, Jacob, and other partners. Mr. Werczberger cannot give up his attention to the businesses he created. He continues to be involved with Jacob in its operations, and the legacy of this business is another factor which compels Mr. Werczberger not to flee. Jacob's family depends financially on this business's continued success, and his father's oversight helps to keep the business thriving. Mr. Werczberger would not endanger Jacob's family's livelihood by abandoning him and the businesses he founded.

There are a number of examples of similar cases in this district, where courts have authorized international travel during the period of pretrial release. *See United States v. Huberfeld,* 16-CR-467 (S.D.N.Y. 5/18/17, 12/4/17) (ALC), ECF Docs. 65, 140 (granting defendants' contested motion to travel to Israel, adding supplemental bail security temporarily during the period of his travel); *United States v. Abraham*, 20-CR-411 (S.D.N.Y) (RA), ECF Docs. 44, 57 (permitting two defendants charged with wire fraud to travel to Ukraine and Hungary on two separate occasions during the pendency of the case, requiring only that the defendants' family members surrender their passports during the defendants' trips). In the case of *Huberfeld,* the district court granted multiple instances of international travel, over the objection of the government, to allow the defendant, who was charged with federal bribery and honest-services fraud resulting in alleged losses of over $20 million, to travel to Israel. *See, Huberfeld, supra,* ECF Doc. 140.

Here, analysis of the Section 3142(g) factors supports Mr. Werczberger's foreign travel request under the original pretrial release conditions together with the proposed supplemental temporary conditions. Combined, these conditions "reasonably assure" the Court of Mr. Werczberger's future appearances as required. 18 U.S.C. § 3142(g).

The government's contention that these combined conditions do not "reasonably assure" the Court of Mr. Werczberger's future appearances is based on unfounded speculation and defies his life history. It gives outsized weight to the nature of these offenses and the possible punishment they might require, and too little weight to the extensive personal history of this law-abiding man. It is not sincere to conjecture that Mr. Werczberger might not return to New York to face these charges when he basically has not lived anywhere else in his nearly 70 years of life, or that he would risk not seeing his children, grandchildren and great-grandchildren on a regular basis, as he always has. His life history and characteristics indicate that such a decision would not be possible for this man.

In sum, Mr. Werczberger respectfully requests the Court to grant this temporary modification of bail, and authorize him to travel to his dear family friend's wedding in Israel during

Hon. Jennifer H. Rearden
January 26, 2023
Page 6 of 6

the dates of January 31, 2023 to February 8, 2023, under the existing and supplemental conditions of release proposed herein.

                                                Respectfully Submitted,

                                                MEISTER SEELIG & FEIN LLP

                                                _____/s/ HEM_____

                                                Henry E. Mazurek
                                                Ilana Haramati

                                                *Counsel for Defendant Ben Werczberger*

cc:      Counsel of Record (*via ECF*)