UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -v-

BEN WERCZBERGER,

             Defendant.

CASE NO.: 23 Cr. 4 (JHR)

**<u>ORDER</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the motion of Defendant Ben Werczberger ("Werczberger") to modify his conditions of release to permit him to travel to Israel for the wedding of a friend's daughter. (ECF No. 40 (the "Motion")).  The Government opposes the Motion, arguing that "[a] preponderance of the evidence demonstrates that Werczberger poses a significant risk of flight and non-appearance were he to travel with his wife to Israel for a social occasion, and there are no conditions that can be imposed that will reasonably assure his presence in court." (ECF No. 44 at 4 (the "Opposition")).  For the reasons set forth below, the Motion is DENIED.

Under the Bail Reform Act, the Court must detain a criminal defendant if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(e)(1).  Where the government seeks detention based on a defendant's risk of non-appearance, the government must prove by a preponderance of the evidence that the "defendant presents a risk of flight[.]" United States v. Sabhnani, 493 F.3d 63, 68 n.5 (2d Cir. 2007).  In considering whether a defendant presents a risk of flight, the Court considers: (1) the nature and circumstances of the offense

charged; (2) the weight of the evidence against the defendant; and (3) the defendant's history and characteristics, including his "character . . . [and] financial resources[.]"  18 U.S.C. § 3142(g). After considering these factors, if the Court determines that the defendant cannot be released on his own recognizance, the Court must determine if there are conditions of release that "will reasonably assure the appearance of the [defendant] as required[.]"  Id. § 3142(c)(1)(B).

Werczberger, aged 70, is charged in an indictment with two counts:  (i) theft of government funds from a federally-funded daycare agency; and (ii) conspiracy to commit money laundering of the illegal theft proceeds, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 1956(h). (ECF Nos. 2 at 13–15, ¶¶ 30–35; 40 at 1; 44 at 1).  Following his arrest on January 11, 2023, Werczberger appeared before the Honorable Robert W. Lehrburger, who ordered Werczberger's release on the following conditions: (i) a $1 million personal recognizance bond co-signed by three financially responsible persons and secured by his residence; (ii) surrender travel documents and make no new applications; (iii) pretrial services supervision as directed; (iv) travel restricted to the Southern and Eastern Districts of New York, the District of New Jersey, and the Southern District of Florida; (v) continue or seek employment; and (vi) have no contact with any co-defendants unless in the presence of counsel, except for non-substantive contact with Defendant Martin Handler.  (ECF No. 11 (the "Initial Conditions")).

In the Motion, Werczberger seeks permission to travel to Israel for one week to attend "the wedding of the eldest daughter of his closest and dearest friend in Jerusalem."  (ECF No. 40 at 2).  He proposes the following additional temporary conditions to "reasonably assure" his future appearance: (i) a confession of judgment to an additional property valued at $2 million that he and his wife own in Brooklyn; (ii) Werczberger's children will surrender their passports to

the Court during their parents' stay in Israel; and (iii) Werczberger will execute "a counselled affidavit of extradition from Israel, in which he agrees not to contest extradition if he remains in Israel beyond the time authorized by this Court." (Id. at 3 (the "Proposed Conditions")).

The Motion is DENIED for three reasons.  First, Werczberger was arrested less than three weeks ago, is accused of stealing over $2.7 million from the federal government, and faces as much as seven to nine years' imprisonment (ECF No. 44 at 3–4), which combine to provide a substantial incentive to flee to avoid facing much of the rest of his life in prison.  Second, as the government points out, Werczberger did not disclose at the time of his arrest that he held an Israeli passport and Israeli citizenship and has not fully disclosed to Pretrial Services the extensive financial resources available to him.  (Id. at 4–5).  While it does appear that he subsequently surrendered the Israeli passport to Pretrial Services (ECF No. 40 at 2 n.1), the Court nevertheless has concerns about his prior candor to the Government and Pretrial Services, and this revelation casts doubt on his professed intent to return to the United States and willingness to comply with the Proposed Conditions.  Third, the Proposed Conditions do not provide the Court with reasonable assurance that he will not take advantage of this opportunity to flee.  As noted, the Court has concerns about resources Werczberger has available to him but has not disclosed, resources that could facilitate his flight.  Neither the surrender of the passports of his adult children, who could simply reapply for travel documents, nor an extradition waiver, which may not be enforceable in Israel (ECF No. 44 at 6–7), and, in any event, would still involve a lengthy process to return Werczberger to the United States, provide the Court with the necessary assurance that he would return to the jurisdiction.

Finally, the Court cannot contemplate any different or additional conditions that would reasonably assure Werczberger's appearance.  While the Court sympathizes with Werczberger's desire to attend the wedding, in his present circumstances, such international travel is not warranted.

Dated:        New York, New York
              January 27, 2023

                                        SO ORDERED.

                                        _____
                                        SARAH L. CAVE
                                        **United States Magistrate Judge**