UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :        **[Proposed] Protective Order**

     - v. -                         :        23 Cr. 004 (JHR)

MARTIN HANDLER,                       :
MENACHEM LIEBERMAN,
HAROLD SCHWARTZ,                      :
ISIDORE HANDLER, and
BEN WERCZBERGER,                      :

          Defendants.         :

- - - - - - - - - - - - - - - - - - X

JENNIFER H. REARDEN, District Judge:

On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Damian Williams, by Assistant United States Attorneys Mary E. Bracewell and Daniel H. Wolf; with the consent of defendants MARTIN HANDLER, MENACHEM LIEBERMAN, HAROLD SCHWARTZ, ISIDORE HANDLER, and BEN WERCZBERGER, the defendants, by and through respective counsel of record (together with the defendants and any agents of counsel of record, the "Defense"), and having requested discovery under Federal Rule of Criminal Procedure 16(a), the Court hereby finds and orders as follows:

WHEREAS, the Government will make disclosure to the Defense of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general

obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Protected Materials";

WHEREAS, the Government's Protected Materials may include material that (i) affects the privacy, confidentiality and of individuals; (ii) would potentially impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case, all of which will be referred to herein as "Sensitive Materials";

WHEREAS, the Government recognizes its obligation to provide such disclosure materials to the defendants, consistent with the need to protect the confidentiality of ongoing investigations and the confidentiality interests of others;

WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d)(1) of the Federal Rules of Criminal Procedure:

1.    "Protected Materials" may be used by the Defense only for purposes of defending the charges, in connection with any

sentencing, and pursuing any appeals or post-conviction motions, in relation to the above-referenced case.

2.   The Protected Materials and the information contained or disclosed therein shall not be:

a.   Disclosed in any form by the Defense to any third party or the media, except as set forth in paragraphs 3, 4, and 9 below; and

b.   Posted to any Internet site or network site to which persons other than the parties hereto have access.

3.   The Protected Materials and the information contained or disclosed therein may be disclosed to third parties only by the Defense, including any successor counsel of record, and only to the following persons (collectively, "Designated Persons"):

a.   investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's respective counsel of record and who are participating in the legal defense of this action;

b.   independent expert witnesses, jury or other consultants, document hosting personnel, or investigators retained by the defendants in connection with this action; and

c.   such other persons as hereafter may be authorized in writing by the Government; and

d.   such other persons as hereafter may be authorized by the Court upon a motion by the defendant.

4.    The Defense may show (but not otherwise provide) the Protected Materials to potential fact witnesses ("Fact Witnesses") interviewed by counsel of record or by the Designated Persons in the course of investigating the above-captioned case.

5.    Materials designated as "Sensitive Materials" by the Government and disclosed to the Defense during the course of the above-captioned case shall be subject to the conditions applicable to Protected Materials, with the exception that the Sensitive Materials may be shown to a defendant, but not otherwise provided to a defendant or maintained in a defendant's possession.

6.    Any member of the Defense or Designated Persons are precluded from publicly disclosing or disseminating the identity of any non-law enforcement witness, including but not limited to cooperating witnesses, whose identity they learned from either the Protected Materials or Sensitive Materials, until the latter of two weeks before the defendant is to commence trial or the date on which the Government identifies testifying witnesses prior to trial, except as provided in paragraph 9 hereof. This paragraph does not prevent the disclosure of the identity of non-law enforcement witnesses, including but not limited to cooperating witnesses, under the conditions allowed in Paragraphs 3 and 4.

7.    The Government may authorize, in writing, disclosure of materials beyond that otherwise permitted by this Order without further Order of this Court.

4

8.   The Defense shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraph (3), or Fact Witnesses to whom materials subject to the protections of this Order are shown pursuant to paragraph (4).  Designated Persons and Fact Witnesses shall be subject to the terms of this Order.

9.   This Order does not prevent the disclosure of any disclosure material in any motion, hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.

10.  Any disputes that cannot be resolved among the parties regarding (a) redactions to public filings or the extent of such redactions, (b) the designation of disclosure material as Protected Materials or Sensitive Material, or (c) any other dispute concerning this Order, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

11.  Except for disclosure materials designated as Protected Materials or Sensitive Materials that have been made part of the record of this case, the Defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for collateral relief, including but not limited to relief pursuant 18 U.S.C. § 2255; the period for direct appeal from any verdict in the above-captioned case; the period for direct

appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

12.   This Order places no restriction on a defendant's use or disclosure of documents, objects and information, including ESI, that originally belonged to the defendant or information independently investigated and discovered by the Defense.

13.   The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney


By:    /s/ Daniel H. Wolf        Date: January 26, 2023
    Mary E. Bracewell
    Daniel H. Wolf
    Assistant United States Attorneys



By: _____        Date:_____
    Susan Necheles, Esq.
    Counsel for Martin Handler

appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

12.  This Order places no restriction on a defendant's use or disclosure of documents, objects and information, including ESI, that originally belonged to the defendant or information independently investigated and discovered by the Defense.

13.  The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney


By:  _____/s/ Daniel H. Wolf_____        Date: __January 26, 2023__
    Mary E. Bracewell
    Daniel H. Wolf
    Assistant United States Attorneys


By:  _____        Date: __1/26/23__
    Susan Necheles, Esq.
    Counsel for Martin Handler


6

By: _____   Date:  January 26, 2023
   Steven Yurowitz, Esq.
   Counsel for Menachem Lieberman


By: _____   Date:_____
   Jane Raskin, Esq.
   Counsel for Harold Schwartz


By: _____   Date:  1/26/23
   Justine Harris, Esq.
   Counsel for Isidore Handler


By: _____   Date:_____
   Henry Muzarek, Esq.
   Counsel for Ben Werczberger


SO ORDERED:


Dated:  New York, New York

   _____, 2023



   _____
   HON. JENNIFER H. REARDEN
   UNITED STATES DISTRICT JUDGE
   SOUTHERN DISTRICT OF NEW YORK




7

By: _____      Date:_____
    Steven Yurowitz, Esq.
    Counsel for Menachem Lieberman


By: /s/ Jane Raskin
    _____      Date: January 26, 2023
    Jane Raskin, Esq.
    Counsel for Harold Schwartz


By: _____      Date:_____
    Justine Harris, Esq.
    Counsel for Isidore Handler


By: _____      Date:_____
    Henry Muzarek, Esq.
    Counsel for Ben Werczberger


SO ORDERED:


Dated:   New York, New York

         _____, 2023


                        _____
                        HON. JENNIFER H. REARDEN
                        UNITED STATES DISTRICT JUDGE
                        SOUTHERN DISTRICT OF NEW YORK


7

By: _____          Date: ___January 26, 2023___
    Steven Yurowitz, Esq.
    Counsel for Menachem Lieberman


By: _____          Date: _____
    Jane Raskin, Esq.
    Counsel for Harold Schwartz


By: _____          Date: _____
    Justine Harris, Esq.
    Counsel for Isidore Handler


By: _____          Date: ___January 26, 2023___
    Henry Mazurek, Esq. Ilana Haramati
    Counsel for Ben Werczberger


SO ORDERED:


Dated:   New York, New York

         _____, 2023



              _____
              HON. JENNIFER H. REARDEN
              UNITED STATES DISTRICT JUDGE
              SOUTHERN DISTRICT OF NEW YORK


                          7