

MEMO ENDORSED

*Ilana Haramati*
*Partner*
Direct (646) 860-3130
Fax (212) 655-3535
ih@msf-law.com

April 5, 2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

    Re:    *United States v. Handler, et al. (Ben Werczberger)*, 23-cr-004 (JHR)

Dear Judge Rearden:

    Henry Mazurek and I represent defendant Ben Werczberger in the above-referenced case.

    We write to request a brief adjournment of the July 10, 2024 trial date until the second half of September 2024, or a date thereafter convenient for the Court. Mr. Mazurek and I, who have represented Mr. Werczberger since his initial indictment in January 2023, are now unavailable for the July 10 trial date based on two sets of circumstances. **First**, last month in *United States v. Motovich, et al.*, No. 21-cr-497 (E.D.N.Y.), in which Mr. Mazurek and I have represented the lead defendant since August 2021, the judge *sua sponte* adjourned our May 20, 2024 trial to June 10, 2024. That trial is expected to last for approximately four weeks, making it impossible for us to try Mr. Werczberger's case on July 10. We raised the Motovich case early on with the Court as a potential conflict regarding the trial date in this case. **Second**, I am scheduled to go on maternity leave in July 2024 through August 2024. That too makes beginning trial in Mr. Werczberger's case on July 10, 2024 impossible. Accordingly, we request a brief adjournment of the trial until mid-September 2024, or another date convenient for the Court.

    After conferring with counsel for the remaining parties, we understand that the government takes no position on the trial adjournment request. Counsel for Mr. Rangott prefers to maintain the July 10 trial date, is unavailable in September 2024, but would otherwise be amenable to a brief adjournment of the trial.

    As relevant to the Court's consideration of the trial date, because the charges against Mr. Werczberger and Mr. Rangott do not have substantive overlap, if the case against Mr. Werczberger does not resolve prior to motions, we intend to move to sever Mr. Werczberger's charges from those against Mr. Rangott. Although we understand that the government presently anticipates opposing the motion, severing the trials at this stage would have the added practical benefit of permitting Mr. Rangott's trial to go forward as scheduled, and account for the scheduling conflicts affecting only Mr. Werczberger's case.

Hon. Jennifer H. Rearden
April 5, 2024
Page 2 of 2

      We are available for a status conference at the Court's convenience should the Court wish to address these scheduling concerns further.

                Respectfully Submitted,

                MEISTER SEELIG & FEIN PLLC

                _____/s/ IH_____

                Henry E. Mazurek
                Ilana Haramati

                *Counsel for Defendant Ben Werczberger*

cc:    Counsel of Record (*via ECF*)

---

Application DENIED. The July 10, 2024 trial in this multi-defendant case—filed more than 15 months ago—has been scheduled since October 2023. *See* ECF No. 162. The July 10 trial date accommodated all scheduling considerations that had been raised with the Court, including the trial in *United States v. Motovich*, further addressed below, which at the time was set for May 2024. *See United States v. Motovich*, No. 21 Cr. 497 (E.D.N.Y. Sept. 18, 2023), ECF No. 160 (Sept. 18, 2023 Order scheduling *Motovich* trial "to commence on Monday, May 20, 2024"); *see also* ECF No. 93 at Tr. 14:12-18 (counsel for Mr. Werczberger informing this Court that the *Motovich* trial was "estimat[ed] [to run] four to six week[s]").

It was only upon this Court's prompting on March 29—*viz.*, an email from Chambers soliciting the parties' views regarding the anticipated length of trial—that defense counsel revealed, on April 2, that Judge Kuntz had "*sua sponte* adjourned [the *Motovich*] May 20 trial to June 10" "last month." A review of the docket in *Motovich*, however, shows that Judge Kuntz adjourned the trial on **February 13**—nearly eight weeks ago. *See Motovich*, 21 Cr. 497 (E.D.N.Y. Feb. 13, 2024), ECF No. 198. At no time prior to this Court's March 29 inquiry did counsel identify this conflict and seek an adjournment.

In any event, as this Court scheduled the July 10, 2024 trial in this action in October 2023—before Judge Kuntz adjourned the trial in *Motovich* to June 2024—it was incumbent upon counsel to inform Judge Kuntz that a June 10 trial date in *Motovich* conflicted with their longstanding July 10 commitment to Mr. Werczberger in the instant matter. As for Ms. Haramati's anticipated parental leave beginning in July, Mr. Mazurek and Mr. Ser also serve as counsel of record for Mr. Werczberger—and have more than three months to prepare for trial.

This case has been pending for some time. It is in the interest of the public that it be resolved. Mr. Werczberger will stand trial as scheduled on July 10, 2024. The deadlines applicable to any forthcoming motions to sever remain as set forth in the October 30, 2023 Order. *See* ECF No. 162.

The Clerk of Court is directed to terminate ECF No. 251.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: April 9, 2024