

Ilana Haramati
*Partner*
Direct (646) 860-3130
Fax (212) 655-3535
ih@msf-law.com

April 25, 2024

**Application DENIED.**

**The Clerk of Court is directed to terminate ECF No. 268.**

**SO ORDERED.**

*[signature]*

Jennifer H. Rearden, U.S.D.J.
Date: April 26, 2024

<u>VIA ECF</u>

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re:   *United States v. Werczberger*, 23-cr-004 (JHR)

Dear Judge Rearden:

We represent defendant Ben Werczberger in the above-referenced case.  We write to respectfully request temporary modification of Mr. Werczberger's conditions of pretrial release to permit him to travel for a religious observance outside of Krakow, Poland to pray at the gravesite of a rabbi with his community, and then spend the Sabbath with his community in Europe.  The requested travel dates are May 1, 2024 through May 7, 2024.  Mr. Werczberger has been in perfect compliance with his conditions of release since the outset of this case on January 11, 2023.  Thus, although the government opposes the request, Pretrial Services takes no position on the request.

As the Court is aware, Mr. Werczberger recently pled guilty pursuant to a plea agreement calculating his advisory U.S. Sentencing Guidelines range at 0-6 months imprisonment—the lowest level available in the U.S. Sentencing Guidelines.  Given his limited sentencing exposure, he is hardly a risk of flight, even if permitted to travel internationally.

Indeed, the Court permitted Mr. Werczberger's co-defendants Martin Handler and Isidore handler to travel internationally, although both faced far more significant periods of incarceration than Mr. Werczberger.  *See* ECF Doc. 150.  Likewise, other courts in this Circuit have permitted international travel for defendants in fraud cases facing similar or greater sentencing exposure than Mr. Werczberger.  *See United States v. Markovics*, No. 21-CR-497 (WFK), ECF Doc. 140 (E.D.N.Y.) (granting the defendant's contested motion to travel to Israel, and denying the government's motion for reconsideration of the Court's authorization of that international travel. The defendant was charged with bank fraud and aggravated identity theft, carrying a mandatory minimum sentence of two years if convicted); *United States v. Abraham*, No. 20-CR-411 (S.D.N.Y) (RA), ECF Docs. 44, 57, 110 (permitting three defendants charged with wire fraud to travel to Ukraine, Hungary, and Canada on three separate occasions during the pendency of the case, although the defendants ultimately faced U.S. Sentencing Guidelines above three years); *United States v. Huberfeld*, No. 16-CR-467 (ALC), ECF Docs. 65, 140 (S.D.N.Y.), (granting

Hon. Jennifer H. Rearden
April 25, 2024
Page 2 of 2

defendant's contested motion to travel to Israel, although the defendant was charged with federal bribery and honest-services fraud resulting in alleged losses of over $20 million).

    Because Mr. Werczberger presents no meaningful flight risk, the Court should permit his requested travel to Europe for the purposes of a religious observance, provided he submits all travel details to Pretrial Services.

Respectfully Submitted,

MEISTER SEELIG & FEIN PLLC

_____/s/ IH_____

Henry E. Mazurek
Ilana Haramati

*Counsel for Defendant Ben Werczberger*

cc:    Counsel of Record (*via ECF*)