

Ilana Haramati
*Partner*
Direct (646) 860-3130
Fax (212) 655-3535
ih@msf-law.com

June 18, 2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Application DENIED.

The Clerk of Court is directed to terminate ECF No. 334.

SO ORDERED.

*[signature]*

Jennifer H. Rearden, U.S.D.J.
Date: June 18, 2024

   Re:   *United States v. Werczberger*, 23-cr-004 (JHR)

Dear Judge Rearden:

  We represent defendant Ben Werczberger in the above-referenced case.  We write to respectfully request an emergency temporary modification of Mr. Werczberger's conditions of pretrial release to permit him to travel to Israel between tomorrow June 19, 2024 and next Sunday June 30, 2024.  Mr. Werczberger's close cousin who lives in B'nei Brak, Israel was placed into hospice care this week in Ichilov Hospital in Tel Aviv, Israel, with a dire prognosis of terminal cancer.  According to doctors, his cousin's passing is expected to be imminent.  Mr. Werczberger is very close to this cousin, and he seeks this emergency bail modification in order to pay his final respects to his cousin, and participate in any funeral and mourning services, which are unfortunately expected any day.  Although the government opposes the request, Mr. Werczberger's supervising Pretrial Services Officer in the Southern District of Florida (Officer Nelson Valenzuela) has no objection to the request, and Pretrial Services in the Southern District of New York (Officer Dominique Jackson) takes no position.

  Granting Mr. Werczberger's emergency travel request is consistent with the Bail Reform Act, which directs that the Court "***shall***" order "the ***least restrictive*** . . . conditions, that . . . will reasonably assure the appearance of the person."  18 U.S.C. § 3142(c)(1)(B) (emphasis added).  Mr. Werczberger recently pled guilty pursuant to a plea agreement calculating his advisory U.S. Sentencing Guidelines range at 0-6 months imprisonment—the lowest level available in the U.S. Sentencing Guidelines.  Given his limited sentencing exposure, he simply poses no real flight risk.  And, the Court already possesses substantial security to reasonably assure his return to complete the sentencing process, scheduled for September 10, 2024.  He is subject to a $1 million bond, secured by his family home, and co-signed by three of his closest family members.

      Mr. Werczberger's closest family, including all of his children and his wife, also live here in New York and New Jersey, his business connections are local, and he runs a synagogue in Florida that requires his constant attention.  Mr. Werczberger's life is here.  Any suggestion that he would risk living as a fugitive and abandoning everything he has simply strains credulity— particularly in light of his low sentencing exposure.  Mr. Werczberger poses no flight risk; the Court should grant his emergency travel request, consistent with the Bail Reform Act.

      Indeed, in similarly dire family circumstances, the Court permitted Mr. Werczberger's co-defendants Martin Handler and Isidore Handler to travel internationally, although both faced far more significant periods of incarceration than Mr. Werczberger.  *See* ECF Doc. 150.  So too, in comparable cases of family emergencies, other courts in this district have permitted international travel to Israel.  *See, e.g., United States v. Huberfeld*, No. 16-CR-467 (ALC), ECF Docs. 65, 140 (S.D.N.Y.), (granting defendant's contested motion to travel to Israel for parent's memorial services, although the defendant was charged with federal bribery and honest-services fraud resulting in alleged losses of over $20 million).  Likewise, several courts in this Circuit have permitted international travel for defendants in fraud cases facing similar or greater sentencing exposure than Mr. Werczberger, even under less emergent circumstances.  *See United States v. Markovics*, No. 21-CR-497 (WFK), ECF Doc. 140 (E.D.N.Y.) (granting the defendant's contested motion to travel to Israel, and denying the government's motion for reconsideration of the Court's authorization of that international travel.  The defendant was charged with bank fraud and aggravated identity theft, carrying a mandatory minimum sentence of two years if convicted); *United States v. Abraham*, No. 20-CR-411 (S.D.N.Y) (RA), ECF Docs. 44, 57, 110 (permitting three defendants charged with wire fraud to travel to Ukraine, Hungary, and Canada on three separate occasions during the pendency of the case, although the defendants ultimately faced U.S. Sentencing Guidelines above three years);

      Because Mr. Werczberger presents no palpable flight risk, the Court should grant this emergency travel request so that he can pay his final respects to his cousin, provided he submits all travel details to Pretrial Services.

      Respectfully Submitted,

      MEISTER SEELIG & FEIN PLLC

        /s/ IH

      Henry E. Mazurek
      Ilana Haramati

      *Counsel for Defendant Ben Werczberger*

cc:    Counsel of Record (*via ECF*)